UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CAMILO GONZALEZ,** : | |
| **Petitioner** : | |
| : | CIVIL ACTION NO. 3:23-1309 |
| v. : | |
| : | (JUDGE MANNION) |
| **WARDEN BARRAZA,** : | |
| **Respondent** : | |

**MEMORANDUM**

Petitioner, Camilo Gonzalez[1], an inmate formerly confined in Allenwood Federal Correctional Institution, White Deer, Pennsylvania,[2] filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Gonzalez claims the Bureau of Prisons (BOP) has unlawfully denied him Earned Time Credits under the First Step Act (FSA). Id. For relief, Petitioner requests the Court "order the BOP apply Petitioner's earned FSA credits towards his release." Id. A response was filed on November 1, 2023.

---

[1] Although Petitioner lists his name as "Camilo" Gonzalez, the BOP and Court documents from his criminal case all list Petitioner's name as Camilio Gonzalez. (See Doc. 8).

[2] Subsequent to the filing of his petition, Gonzalez was transferred and is currently housed at the Federal Correctional Institution, Oxford, Wisconsin. (Doc. 9).

(Doc. 8). Although provided an opportunity, Petitioner has not filed a traverse. The petition is ripe for disposition. For the reasons set forth below, the instant petition will be denied.

I. **Background**

On July 30, 2020, the United States District Court for the Eastern District of Virginia sentenced Gonzalez to a 114-month sentence following his conviction for conspiracy and possession with intent to distribute heroin and Fentanyl. (Doc. 8-1 at 7). He has a projected release date of May 25, 2027, via good conduct time release. Id. On February 24, 2022, an Immigration Judge issued a final Order of Removal against Gonzalez, directing his removal to Cuba. (Doc. 8-1 at 10). Gonzalez waived his right to appeal the Immigration Judge's decision. Id.

II. **Discussion**

Under the FSA, the Attorney General was charged with the development and release of a Risk and Needs Assessment System within 210 days of December 21, 2018, the date on which the FSA was enacted. See 18 U.S.C. §3632. This System is to be used for: (1) determining an

inmate's recidivism risk; (2) assessing an inmate's risk of violent or serious misconduct; (3) determining the type and amount of evidence-based recidivism reduction ("EBRR") programming appropriate for each inmate; (4) periodically assessing an inmate's recidivism risk; (5) reassigning an inmate to appropriate EBRRs and productive activities ("PA"); (6) determining when to provide incentives and rewards for successful participation in EBRRs and PAs; and (7) determining when the inmate is ready to transfer to pre-release custody or supervised release. See id. §3632(a). Moreover, this system provides guidance on the "type, amount, and intensity of EBRR programs and PAs to be assigned to each inmate based on the inmate's specific criminogenic needs." See Kurti v. White, No. 1:19-2019, 2020 WL 2063871, at *4 (M.D. Pa. Apr. 29, 2020)(citing 18 U.S.C. §3632(b)).

The FSA allows eligible inmates who successfully complete EBRRs or PAs to receive earned time credits to be applied toward time in pre-release custody or supervised release. See 18 U.S.C. §3632(d)(4)(A). An inmate may earn ten (10) days of credit for every thirty (30) days of successful participation. See id. Moreover, eligible inmates who have been assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) days of

...

time credit for every thirty (30) days of successful participation. See id. However, an inmate is ineligible to apply ECTs if the inmate is "the subject of a final order of removal under any provision of the immigration laws." 18 U.S.C. §3632(d)(4)(E).[3]

Here, Respondent presented evidence that Petitioner is subject to a deportation order and that the BOP properly determined that Petitioner is not eligible for application of FSA time credits.[4] 18 U.S.C. §3632(d)(4)(E)(i); see also Ramirez v. Sage, 2022 WL 2318693 (M.D. Pa. June 28, 2022) (denying habeas relief to inmate pursuant to 18 U.S.C. §3632(d)(4)(E) based on evidence of a deportation order). As such, the Court will deny Gonzalez' petition for writ of habeas corpus.

---

[3] Pursuant to 18 U.S.C. §3632(d)(4)(E)(i):

In general.—A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17)).

18 U.S.C. §3632(d)(4)(E)(i).
[4] To the extent that Petitioner attempts to argue that Cuba refuses to accept the return of inmates from the United States government, does not change the statute or its application to him.

## III. Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**.

_____
**MALACHY E. MANNION**
**United States District Judge**

Dated: December 14, 2023
23-1309-01